**22SL-CC02906**

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **BROOKE BRAWLEY, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | Case No.: |
| **v.** | **JURY TRIAL DEMANDED** |
| **NCB MANAGEMENT SERVICES INC.,** | |
| **Defendant.** | |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FDCPA

**COMES NOW,** plaintiff Brooke Brawley (hereafter "Ms. Brawley" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel and for her Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") against defendant, NCB Management Services Inc., alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges defendant NCB Management Services Inc.'s collection practices violate the FDCPA.

2.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

3.      The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

4.      "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

5.      "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

6.      When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

7.      Plaintiff has a right to be free from invasions into Plaintiff's individual privacy, Plaintiff's right to be free from harassing, annoying, oppressive, or abusive conduct, and Plaintiff's right to be free from embarrassment and/or reputational harm. The foregoing cause Plaintiff

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

embarrassment, concern regarding her person information and privacy, loss of time, and emotional distress, which caused her to retain counsel.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (MO. CONST. Art. V. § 14).

9.     This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k.

10.     This Court may exercise personal jurisdiction over defendant because defendant regularly transacts business in Missouri, and the conduct complained of herein occurred in Missouri or was otherwise directed toward Plaintiff in Missouri, satisfying Missouri's long-arm statute, Mo. Rev. Stat. § 505.500.

11.     Venue is proper in this District because part of the acts and transactions that caused injury  occurred within this County, Plaintiff resides within this County, and defendant NCB Management Services Inc. transacts substantial business within this County.

## PARTIES

12.     Plaintiff Brooke Brawley is a natural person, over the age of eighteen, residing in St. Louis County, State of Missouri at all times relevant hereto.

13.     Ms. Brawley is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.     Defendant NCB Management Services Inc. (hereinafter "NCB") is a corporation organized under the laws of the State of PA with a principal place of business located at One Allied Drive Trevose PA 19053.

15.     NCB has transacted business within this state as is more fully set forth hereinafter in this Complaint.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

16.    NCB regularly collects or attempts to collect debts asserted to be owed to others.

17.    NCB is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.    The principal purpose of NCB's businesses is the collection of such debts.

19.    NCB uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.    NCB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

21.    NCB alleges Plaintiff owes a debt to NCB (the "alleged Debt").

22.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.    The alleged Debt does not arise from any business enterprise of Plaintiff.

24.    The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25.    At an exact time known only to NCB, the alleged Debt was assigned or otherwise transferred to NCB for collection.

26.    At the time the alleged Debt was assigned or otherwise transferred to NCB for collection, the alleged Debt was in default.

27.    In its efforts to collect the alleged Debt, NCB decided to contact Plaintiff by written correspondence.

28.    Rather than preparing and mailing such written correspondence to Plaintiff on its own, NCB decided to utilize a third-party vendor to perform such activities on its behalf.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

29.     As part of its utilization of the third-party vendor, NCB conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

30.     The information conveyed by NCB to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, the fact that that alleged Debt related to medical services, among other things.

31.     In fact, NCB conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

32.     NCB's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at NCB's direction.

34.     An initial communication from NCB, dated March 25, 2022, was received and read by Plaintiff (the "Letter").

35.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36.     The FDCPA prohibits the sharing of information regarding a consumer *"without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…"* See 15 U.S.C. § 1692c(b).

37.     In the relevant part, Section 1692c(b) states, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the*

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

*consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* See 15 U.S.C. § 1692c(b).

38.     The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

39.     Plaintiff did not provide prior consent to the sharing of her information with third parties.

40.     Plaintiff did not provide  prior consent to the sharing of her information with the third party letter vendor NCB chose to convey information to regarding the alleged Debt as part of its collection efforts.

41.     NCB's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time.

42.     Under § 1692g of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "G-Notice", that contains relevant information about the alleged debt and how to dispute it.

43.     Pursuant to the FDCPA § 1692g,

> (a)…Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44.     The Letter demands a balance in the amount of $71.17 purportedly to Commerce Bank.

45.     Plaintiff did not owe NCB $71.17.

46.     Plaintiff did not owe Commerce Bank $71.17.

47.     Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

48.     Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

49.     Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including NCB.

50.     As set forth herein, NCB deprived Plaintiff of these rights.

51.     Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of her rights was directed by NCB to Plaintiff specifically.

52.     Plaintiff's injury is directly traceable to NCB's conduct because NCB initiated the communications, and but for NCB's conduct, Plaintiff would not have been deprived of her rights.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

53.    NCB's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from NCB's conduct.

54.    Plaintiff justifiably fears that, absent this Court's intervention, NCB will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

55.    Plaintiff justifiably fears that, absent this Court's intervention, NCB will ultimately cause Plaintiff unwarranted economic harm.

56.    Plaintiff justifiably fears that, absent this Court's intervention, NCB will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

57.    Plaintiff justifiably fears that, absent this Court's intervention, NCB will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

58.    As a result of NCB's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

59.    As a result of NCB's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

60.    The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

61.    A favorable decision herein would redress Plaintiff's injury with money damages.

62.    A favorable decision herein would serve to deter NCB from further similar conduct.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

63.     The foregoing conduct of NCB violates the FDCPA entitling Plaintiff to damages, along with reasonable attorneys' fees.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b) and § 1692f

64.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

66.     The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

67.     Plaintiff never consented to NCB's communication with the third-party vendor concerning the alleged Debt.

68.     Plaintiff never consented to NCB's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

69.     Plaintiff never consented to NCB's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

70.     Upon information and belief, NCB has utilized a third-party vendor for these purposes thousands of times.

71.     NCB utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

72.     NCB utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

73.    NCB utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from NCB's unauthorized disclosure of such private and sensitive information.

74.    NCB utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

75.    NCB utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

76.    NCB violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

77.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

78.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

79.    NCB disclosed Plaintiff's private and sensitive information to the third-party vendor.

80.    NCB violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

81.    As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

82.    Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

83.     As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

84.     A violation of Section 1692c(b) is an invasion of privacy.

85.     As described herein, NCB violated Section 1692c(b).

86.     As described herein, NCB invaded Plaintiff's privacy.

87.     A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

88.     A violation of Section 1692c(b) is a public disclosure of private facts.

89.     As described herein, NCB violated Section 1692c(b).

90.     As described herein, NCB publicly disclosed Plaintiff's private facts.

91.     For the foregoing reasons, NCB violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

92.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

94.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

95.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

96.     An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

97.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

98.    As previously stated, Plaintiff did not owe the amount NCB alleges is owed by Plaintiff.

99.    The contention that Plaintiff owed $71.17 to NCB or any other party, when Plaintiff did not owe $71.17, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

100.    The contention that Plaintiff owed $71.17 to NCB or any other party, when Plaintiff did not owe $71.17, is a false representation of the character, amount, or legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

101.    The contention that Plaintiff owed $71.17 to NCB or any other party, when Plaintiff did not owe $71.17, is a false representation or deceptive means to collect or attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10)

102.    For the foregoing reasons, NCB violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692g(a)(1)

103.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

104.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

105.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

106.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

107.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

108.    As set forth in the relevant paragraphs of this Complaint, Plaintiff did not owe the amount NCB claimed.

109.    As such, NCB did not accurately set forth the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

110.    In sum, NCB's statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

111.    For the foregoing reasons, NCB violated 15 U.S.C. §§ 1692g and 1692g(a)(1), and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

112.    Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Missouri.

113.    Plaintiff seeks to certify a class of:

> All consumers where NCB sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

114.    This class action seeks a finding that NCB's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

115.    The Class consists of more than thirty-five persons.

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

116.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

117.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  NCB has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

118.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because NCB's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## PRAYER FOR RELIEF AGAINST NCB

**WHEREFORE**, Plaintiff, Brooke Brawley demands judgment against NCB Management Services Inc., as follows:

(a)  Certifying this action as a class action; and

(b)  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

Electronically Filed - St Louis County - June 09, 2022 - 04:41 PM

(c)  Awarding Plaintiff and the statutory damages provided by § 1692k(a) of the

FDCPA against NCB; and

(d)  Awarding Plaintiff actual damages; and

(c)  Awarding Plaintiff reasonable attorneys' fees and costs for Plaintiff as

provided by § 1692k(a) of the FDCPA against NCB; and

(d)  Awarding Plaintiff further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all Counts so triable.


DATED: June 9, 2022

Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
greg@hklawstl.com
*Attorney for Plaintiff*